Henry Gr. Smith, J.,
delivered the opinion of the Court.
*478 The judgment here must be reversed, and this cause sent back for a new trial.
During the war, cotton was delievered to Waller to gin on shares. While the cotton was in the gin-house, and other bailed cotton in the gin-house lot, a company of Confederate soldiers, traversing the country burning cotton, came to the place, burned the bailed cotton outside, and required Waller to remove the cotton within two or three days from the gin-house, into the field and scatter it, otherwise they would return and burn both cotton and gin-house.
Waller set about it at once, and removed the cotton from his gin-house, and deposited it in heaps a few hundred yards distant in his field, from whence •much of it was removed by the neighbors, and the whole of it there wasted and destroyed. Perhaps Waller took some of it himself from the field, and appropriated it to his own use. How this was, is not made clear by the proof
The plaintiff, Parker, claiming to be owner, of the cotton, brings this action of trover against Waller, charging him with the conversion of the cotton, and obtained a verdict and judgment against Waller; from which he brings this appeal in error.
Among other instructions, the Circuit Judge directed the jury, that Waller would not be liable for the destruction of the cotton, if he was compelled to destroy it by force which he could not resist. But to justify himsélf on such ground, he must show by proof, that the force was actual, present and existing at the time of the execution of the act, and that the force was *479 such as be could not resist without'placing himself in imminent peril of some bodily harm.
Such charge does not state correctly the law of Waller’s liability, and was well calculated to mislead the jury.
If Waller removed the cotton from the house, and left it in the field, and allowed it to go to waste, moved by well grounded and real fears, that unless he did so, the armed force of soldiers or marauders would return and burn his gin-house and the cotton in it, or inflict upon him grievous personal violence, or both, and he was without the means of preventing or resisting the threatened violence or destruction, he is not chargable by the law for the removal and waste of the cotton, and is not liable in this action for the conversion of it.
The removal and waste of the cotton, by Waller, under duress, excuses him from liability to the owners in an action of trover.
Duress may be of the property as well as of the person, and may be by means of threats of violence to the person, or destruction to the property of the party, as by actual violence upon his person or property: Pars. Contr., Title, Duress, and authorities cited.
And these threats may be as effective to work up fears to the extent of the duress, which excuses acts done under its power, as well when the threatening or compelling force is not immediately present at the doing of the acts, as where the acts are done in the actual presence of the compelling force. Persons having experience in the events of the late war, can well under *480 stand the real terror inspired by roaming bands of soldiers, riding from house to house, in the country, burning cotton from place to place, ordering persons haying cotton stored in their gin-houses or other houses, to remove it, otherwise, threatening to return and burn both houses and cotton, and doing all these things without restraint, without any power in the citizen to restrain or prevent their being done, and without the protection or possibility of obtaining protection against whatever violence or destruction the cotton burning bands might think fit to inflict on persons disobeying their orders.
Waller was what is called a bailee for the hire of labor and services. Bailees of this kind, are responsible for loss or destruction of the goods by fire, theft, robbery and the like, unless they employ, in the preservation and protection of the goods, the care, vigilance, and courage which persons of ordinary prudence bestow upon the preservation and protection of their own property: Sto. Bail., secs. 487-89, 333, 334, 335; Edwards on Bailments, 374.
The Circuit Judge, therefore, erred in the instructions which led the jury to suppose that Waller was liable for the removal of the cotton from his gin-house, and the consequent waste or destruction of the cotton, unless such removal and subsequent destruction was done or suffered by Waller, under the stress of irresistible force, present at the actual time of removal and destruction. The immediate presence of the compelling force at the time of the removal and destruction, was not essential to exonerate Waller from liability to the *481 owners of tbe cotton, for its removal and destruction. If the removal and loss were done and suffered by Waller, under the stress of fears, well grounded, real, sincere, that the armed force could and would return in a short time, and execute their threats if he did not remove and scatter the cotton; and if, during this time, Waller was without the power or ability to procure power to resist, and to protect himself and property against the execution of the threats, then Waller is not liable to the plaintiff’s action.
Of course, if Waller, after the removal of the cotton from the gin-house, took any of it and appropriated it to his own use, that would be a conversion for which he would be liable.
So, too, it was Waller’s duty to protect and save the cotton- after its removal, and while in the field, and he is liable for neglecting so to do, unless his failure to give such protection was compelled by the same or like stress as that which excused his removal of it from the gin-house: Story Bail, sec. 430.
It was properly left to the jury, to say whether the cotton was sold by the original owners to the plaintiff. A sale may be made and evidenced, as well by the assignment or delivery of the ginner’s receipts, as by other mode.
The original owners of the cotton were competent witnesses in an action of this kind, and under these circumstances, to prove their sale of it to the plaintiff.
Reverse the judgment.